People v Tenace (2025 NY Slip Op 05552)

People v Tenace

2025 NY Slip Op 05552

Decided on October 9, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 9, 2025

CR-23-1748
[*1]The People of the State of New York, Respondent,
v
David Tenace, Appellant.

Calendar Date:September 5, 2025

Before:Pritzker, J.P., Lynch, Reynolds Fitzgerald, Fisher and Mackey, JJ.

Jan Perlin, Oak Hill, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.

Mackey, J.
Appeal from a judgment of the County Court of Schenectady County (Mark Caruso, J.), rendered May 26, 2023, convicting defendant upon his plea of guilty of the crimes of burglary in the second degree and petit larceny.
In January 2021, defendant was arrested and charged with burglary in the second degree and petit larceny stemming from allegations that he unlawfully entered a dwelling in the vicinity of Van Vranken Avenue in the City of Schenectady with intent to commit a crime therein, and stole property. Defendant was thereafter indicted on those charges. As part of his omnibus motion, defendant moved, among other things, to dismiss the indictment on the ground that the indicted charges were covered by a prior plea agreement pursuant to which he pleaded guilty to two counts of criminal possession of stolen property in the fourth degree as charged in a superior court information (hereinafter SCI) with the understanding that the plea satisfied any potential charge for burglary underlying the stolen property. Following a hearing, County Court denied that motion.
Defendant thereafter pleaded guilty to the indictment in exchange for a promised prison sentence on the burglary in the second degree conviction of 8½ years, to be followed by five years of postrelease supervision, as an acknowledged second felony offender, to be served concurrently to a one-year (364-day) jail sentence for petit larceny but consecutively to the sentence he was then serving. County Court thereafter imposed the agreed-upon sentence consistent with the plea agreement. Defendant appeals.
We affirm. Defendant argues that the People violated their prior plea agreement not to pursue burglary charges related to his guilty plea to criminal possession of stolen property in the fourth degree. Count 2 [FN1] of the SCI to which defendant pleaded guilty alleged that on or about August 26, 2020, in the vicinity of Bedford Road in the City of Schenectady, defendant knowingly possessed stolen property with a value in excess of $1,000, but did not specify what stolen property he possessed. At the time of that plea, the People stated on the record that defendant had not been arrested for an underlying burglary for the procurement of those stolen items and agreed that the plea would satisfy any underlying burglary charge. The indictment sub judice charged defendant with committing second degree burglary and petit larceny for stealing property on August 21, 2020 — five days before he was found in possession of stolen property near Bedford Road — in the vicinity of a specified address on Van Vranken Avenue in the City of Schenectady. He contends that the indicted burglary charge was covered by that prior plea agreement in that the stolen property he possessed on August 26, 2020 leading to count 2 of the SCI was the product of this August 21, 2020 Van Vranken Avenue burglary and, therefore, he could not be prosecuted for this burglary. Given that the SCI and SCI plea minutes [FN2] lacked factual specificity [*2]regarding the stolen items possessed and did not decisively resolve the issue, County Court conducted a full evidentiary hearing to address whether the property taken during the Van Vranken Avenue burglary was among the stolen property defendant possessed days later near Bedford Road.
At the hearing, County Court credited the consistent testimony of the assistant public defender who represented defendant in the prior plea agreement and the prosecutor who handled that case. Their testimony included a review of the exhibits and documentary evidence establishing which specific items of stolen property defendant possessed when he was arrested on August 26, 2020 [FN3] and the list of items stolen during the August 21 Van Vranken Avenue burglary. The foregoing testimony and evidence fully supports the court's conclusion that defendant failed to meet his burden of showing that his plea to count 2 of the SCI was connected to and satisfied this burglary charge.[FN4] That is, he did not show that any of the property taken during the Van Vranken Avenue burglary was property of which he was later found to be in possession near Bedford Road, for which he was charged in the SCI. Neither the felony complaint [FN5] underlying the SCI and related discovery materials nor a comparison of the items relevant to each charge supports defendant's claim. Moreover, contrary to defendant's contentions, he was neither denied the right to testify at the hearing, subject to appropriate cross-examination, nor compelled to incriminate himself at the hearing. Accordingly, defendant's motion to dismiss the indictment as precluded by his prior plea agreement was properly denied.
Defendant's contention that County Court erred in failing to conduct a hearing pursuant to Penal Law § 60.12 is unpreserved for our review, as he failed to seek this relief from County Court (see CPL 470.05 [2]; People v Smalls, 128 AD3d 1229, 1230 [3d Dept 2015], lv denied 27 NY3d 1006 [2016]). Penal Law § 60.12, part of the Domestic Violence Survivors Justice Act (hereinafter DVSJA), permits a sentencing court in certain cases to impose alternative, reduced sentences below that required by the applicable Penal Law article 70 provisions if, following a hearing, the sentencing court makes certain statutory findings including that the defendant established that he or she was the victim of relevant domestic abuse (see People v Ava OO., 233 AD3d 1186, 1186 [3d Dept 2024]; People v Hudson, 232 AD3d 200, 204-205 [2d Dept 2024], lv granted 42 NY3d 1080 [2025]; People v Smalls, 128 AD3d at 1229). Here, however, while defendant submitted a lengthy sentencing memorandum that referenced instances of childhood abuse, he did not at any point request a hearing to address sentencing under the DVSJA (compare People v Ava OO., 233 AD3d at 1186). Likewise, the defense never raised this issue prior to or at the plea proceedings, and defendant agreed to plead guilty with the understanding that he would receive the negotiated sentence (see [*3]People v Smalls, 128 AD3d at 1230; compare People v Hudson, 232 AD3d at 203). At sentencing, defendant, who was represented by counsel, made extensive pro se remarks asking the court to impose the sentences concurrently with his prior sentence, and to consider whether he qualified under the DVSJA, the first mention of alternate sentencing; he did not request a hearing and defense counsel made no such request or reference to the DVSJA. Contrary to defendant's claim, he was not denied an opportunity to establish his eligibility for mitigated sentencing under the DVSJA. Moreover, Penal Law § 60.12 does not require a court to conduct a DVSJA hearing "in every case containing allegations that the defendant is a victim of domestic violence, regardless of whether a hearing was requested" (People v Hudson, 232 AD3d at 205-206; see People v Smalls, 128 AD3d at 1230). Under these circumstances, in the absence of a request for a hearing, County Court had no affirmative duty to conduct a hearing.
With regard to defendant's challenge to the sentence, the record fails to support his contention that County Court was under the mistaken belief that its sentencing discretion was limited by the People's plea offer. Rather, the court made clear, prior to consenting to the People's reduced plea offer, that in the exercise of its sentencing discretion it would not consent to a plea agreement promising any sentence lower than that reduced offer; nothing in the court's remarks suggests that it was bound by that offer or that, by consenting to the plea agreement, it lacked discretion to determine the appropriate sentence up until the time of sentencing (see People v Farrar, 52 NY2d 302, 305-306 [1981]; People v Muhammad, 132 AD3d 1068, 1069 [3d Dept 2015]; see also People v Schultz, 73 NY2d 757, 758 [1988]).
Moreover, the plea agreement contemplated that the sentence on the burglary conviction would be imposed consecutively to the sentence he was then serving. At sentencing, the People argued that such consecutive sentences were required by Penal Law § 70.25 (2-b) in that defendant committed this burglary in the second degree, a violent felony offense (see Penal Law §§ 70.02 [1] [b]; 140.25 [2]), after he had been arraigned on a Saratoga County felony, and that mitigating circumstances were not present to warrant imposing the sentence concurrently. Although defendant urged County Court to impose the sentence concurrently,[FN6] he did not contest the applicability of Penal Law § 70.25 (2-b) and the record does not otherwise reflect that it was inapplicable. Accordingly, defendant has not demonstrated that the court erred or abused its discretion in imposing the sentence for burglary in the second degree to be served consecutively. To the extent that defendant argues that the sentence is harsh and excessive and warrants a reduction, given his lengthy and serious criminal record dating back to1984 reflecting a lifetime of serial burglaries and theft, we do not find that the negotiated [*4]sentence is unduly harsh or severe and decline his request to reduce it in the interest of justice (see CPL 470.15 [6] [b]). Defendant's remaining claims have been reviewed and found to be without merit.
Pritzker, J.P., Lynch, Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: Count 1 of the SCI charged defendant with an unrelated crime of criminal possession of stolen property in the fourth degree stemming from his possession of stolen property in February 2020 consisting of a credit card in the vicinity of Strong Street in the City of Schenectady. Count 1 is not relevant to the issues raised herein.
Footnote 2: The October 5, 2020 plea minutes reflect that County Court (Sypniewski, J.) stated that "[t]here has ben no underlying arrest in this case for any kind of burglary for the procurement of the items that are contained in the SCI, but part of this agreement is that if there was, in fact, an underlying burglary committed by this defendant, this plea [to the SCI charging criminal possession of stolen property] would [be] take[en] in full satisfaction of that crime."

Footnote 3: Defendant was found to be in possession of a stolen violin, laptop computer, prescription medicine and Kindle on August 26 near Bedford Road, whereas the property taken in the August 21 Van Vranken Avenue burglary includes credit/debit cards, a driver's license, a purse/diaper bag, currency, keys, checks, identification and gift cards.

Footnote 4: The parties stipulated at the outset of the hearing that the burden of proof would be on defendant to show, by a preponderance of the evidence, that the prior plea precluded this prosecution. 

Footnote 5: The felony complaint charging defendant with criminal possession of stolen property near Bedford Road in August 2020, as charged in count 2 of the SCI, listed a violin, a laptop computer, a Kindle and a bottle of prescription medicine.

Footnote 6: Defense counsel represented that defendant had completed that prior Saratoga County sentence, but remained in prison.